IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY KENYON HAWKINS                                                        PLAINTIFF

      v.                              Civil No. 6:10-cv-06094

HOT SPRING COUNTY SHERIFF
RYAN BURRIS; CHIEF DEPUTY
AARON COLLIER; CORPORAL LINDA
ROWE; PHYLIS LEMONS, Public
Defender                                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGEB

Corey Kenyon Hawkins (hereinafter Hawkins), a detainee of the Hot Spring County Jail, in Malvern, Arkansas, filed this *pro se* action under the provisions of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

When he filed the complaint, Hawkins submitted an application to proceed *in forma pauperis* (IFP). However, the application was incomplete. Hawkins did not have the certificate regarding money held in his inmate account completed by detention center personnel. For this reason, an order was entered (ECF No. 3) directing the Clerk to send Hawkins a copy of his IFP application and giving him until January 14, 2011, to have the certificate portion completed and return the application to the Court or pay the $350 filing fee. Plaintiff was advised that failure to comply with the Court's order might result in the dismissal of this case.

To date, Hawkins has not submitted a complete IFP application or paid the filing fee. Hawkins has not requested an extension of time to submit the application. He has not otherwise

communicated with the Court.

For this reason, I recommend that the complaint be dismissed for failure to obey the order of the Court and failure to prosecute this action. Fed. R. Civ. P. 41(b).

**Hawkins has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hawkins is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of January 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE